IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# MARY FINCHUM, Individually and as Next of Kin to WILLIAM FINCHUM, Deceased v. ACE, USA, individually and as successor to CIGNA INSURANCE COMPANY, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-628-02**

---

**No. E2003-00982-COA-R3-CV - FILED AUGUST 23, 2004**

---

CHARLES D. SUSANO, JR., dissenting.

The majority opinion concludes that the defendants' motion to dismiss is deficient. I agree. In **Willis v. Tennessee Dep't of Corr.**, 113 S.W.3d 706 (Tenn. 2003), the Supreme Court opined that Tenn. R. Civ. P. 12.06(6), construed in light of Tenn. R. Civ. P. 7.02(1), requires that a motion filed pursuant to 12.06(6) must state "*why* the plaintiff has failed to state a claim for which relief can be granted." **Willis**, 113 S.W.3d at 709 n.2 (emphasis added). For example, in the instant case, the motion should have recited, *on its face*, that (1) the motion was filed pursuant to Tenn. R. Civ. P. 12.06(6), and (2) that the complaint fails to state a claim upon which relief can be granted "in that the claim is for breach of contract but fails to reflect a promise by any of the defendants," or words to this effect. Having said all of this, I would hasten to add that I do not believe **Willis** requires that we vacate the trial court's judgment in the case at bar.

At the outset, I note that the **Willis** court, while finding the 12.06(6) motion there to be deficient, still considered the motion on its merits. If the Supreme Court in **Willis** did not believe the deficiency in the State's Tenn. R. Civ. P. 12.02 motion was serious enough to warrant a remand in that case, I do not understand why the majority believes a remand is appropriate in the instant case. There are, however, more compelling reasons why we should address the motion now before us.

In the case at bar, the plaintiff filed a reply to the defendants' motion to dismiss. The reply was filed eight days prior to the date upon which the trial court considered the defendants' motion. In her reply, the plaintiff acknowledged that she understood the basis of the defendants' motion. The reply provides, in part, as follows:

> The Defendant insurance companies contend they are not legally
> liable to honor the terms of the Release because: 1. The Release
> does not create any obligations on behalf of the Releasees named

therein.  2.  These Defendant insurance companies were not parties to the [Center for Claims Resolution] or to any documents relating to the Release.

In the course of its memorandum opinion rendered from the bench, which opinion was subsequently incorporated by reference into the trial court's judgment, the court agreed with the defendants' position.  That position, as previously noted, was well known to the plaintiff in advance of the court's hearing on March 21, 2003.  In its memorandum opinion, the trial court stated, in part, as follows:

> The complaint is devoid of any allegation that otherwise suggests that the defendants made any promise whatsoever to the plaintiffs in this case.
>
> *   *   *
>
> But the Court must conclude that in contract cases, and this is a contract case, the thread that he must first have is a promise, because contracts are undertaking agreements.  And the Court can find nothing in the complaint to suggest or aver that any defendant made any agreement with the plaintiff and can find nothing in the release that suggests that any insurer made any promise or undertaking to the plaintiff.

It is clear in the record before us that the plaintiff understood the basis of the defendants' 12.02(6) motion.  As previously noted, the plaintiff's response to the defendants' motion makes this clear.  Furthermore, the plaintiff did not seek a continuance of the trial court's motion hearing because of any alleged surprise as to the basis of the defendants' motion.  There was no prejudice whatsoever to the plaintiff as a result of the defendants' failure to spell out, with greater specificity, the basis of its motion.

There is a more fundamental reason why we should consider the merits of the defendants' motion:  the plaintiff does not raise the *Willis*-deficiency as an issue on this appeal.  Under Tenn. R. App. P. 13(b), "[r]eview generally will extend only to those issues presented for review."  While we have discretion to reach issues not raised, I do not believe the issue under discussion is of the type contemplated by 13(b).  I also note that Tenn. R. App. P. 36(a) provides that we are not required to grant relief "to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."  The plaintiff failed to take such action when she failed to raise this issue in the trial court or on appeal.

Because I believe the trial court was correct in determining that the plaintiff's complaint, as amplified by the release document attached to it, "fail[s] to state a claim upon which relief can be

-2-

granted," *see* Tenn. R. Civ. P. 12.02(6), I would affirm the trial court's judgment granting the defendants' Rule 12.02(6) motion.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE